GEORGE W. SMITH, Plaintiff in Error, v. DANIEL WINE-
LAND, Defendant in Error.

Kansas City Court of Appeals, April 5, 1886.

1. JUSTICE OF THE PEACE — JURISDICTION—JUDGMENT BY DEFAULT—
CASE ADJUDGED.—In the case of a judgment by default, in suits
brought before a justice of the peace, it is necessary, under the
statute (sect. 3040, Rev. Stat.) first to file a motion to set it aside, in
order to give the appellate court jurisdiction. When this is not
done (as it was not done here) the circuit court acquires no jurisdic-
tion, and should dismiss the appeal.

2. PRACTICE—EFFECT OF APPEARANCE—DEFAULT NOTWITHSTANDING.
An appearance in a cause may take place a great number of times
before it is finally submitted for trial, and yet the party may
abandon it and suffer it to go by default.

ERROR to Johnson Circuit Court, HON. NOAH M.
GIVAN, Judge.

*Reversed and remanded with directions.*

The case is stated in the opinion.

R. M. ROBERTSON and S. P. SPARKS, for the plaintiff
in error.

I. No motion, having been made before the justice
to set aside judgment by default, plaintiff's motion to
dismiss appeal should have been sustained, as the appeal
did not lie, and the circuit court had no jurisdiction.
Sect. 3040, Rev. Stat. ; *Graves v. Ry. Co.*, 18 Mo. App.
647.

II. The justice, notwithstanding the application and
refusal of change of venue by him, retained jurisdiction
of the case ; and his judgment, although erroneous, was
not void. *Colvin v. Six*, 79 Mo. 198 ; *Ib.* 80 Mo. 61.

III. The record showed that the instrument of writing
upon which plaintiff's cause of action was founded, was
filed with the justice. But being an instrument in writ-
ing, executed by both parties, it was not necessary to file
it with statement or petition. So the first ground of the
motion of defendant was not well taken. Sect. 3560,

Rev. Stat. ; *Campbell v. Wolf*, 33 Mo. 459; *Jefferies v. Flint*, 55 Mo. 29.

IV. The circuit court had no jurisdiction of the case on appeal; but if it had, it was manifestly erroneous to dismiss plaintiff's cause of action. *Graves v. Ry. Co.*, 18 Mo. App. 647.

A. B. Logan, for the defendant in error.

I. The court below rightfully dismissed this cause. Plaintiff might, at the proper time, have declared a forfeiture and ousted defendant, and also recovered damages for failure to build the fences and erect the house ; but this was not an action to declare a forfeiture. Nor was it using the premises for unlawful purposes ; having failed to assert his right of forfeiture when it was complete, he is estopped from doing it now. Taylor on Landlord and Tenant, sect. 500 ; *Garnhart v. Finney*, 40 Mo. 449.

II. Section 3098, Revised Statutes, provides that plaintiff, in his statement shall set forth  *  *  *  "the amount of rent actually due to such landlord." The object of this is, that the tenant may have a chance to pay the amount claimed with costs, and retain his possession. *Vaughan v. Locke*, 27 Mo. 290 ; *Cook v. Decker*, 63 Mo. 328. Here the claim of plaintiff is for unliquidated damages.

III. Where rent has been a long time due, and has thus lost its distinctive character as rent, and becomes a general indebtedness, the landlord cannot proceed under the statute to recover possession. *Wolf v. Shinkle*, 4 Mo. App.

IV. The defendant voluntarily appeared to the action before the justice and filed an application for a change of venue. This was an *appearance*, and if so, it cannot be a "judgment by default," notwithstanding the transcript so characterizes it. *Tower v. Moore*, 52 Mo. 118.

Ellison, J.—This was an action commenced before a justice of the peace for the possession of certain real estate rented to defendant, for the reason that he had failed to

pay rent. Judgment was rendered against defendant before the justice, and within ten days he appealed to the circuit court. In the latter court defendant moved to dismiss the cause for the reason, among others, that plaintiff's statement did not allege a cause of action. Plaintiff filed a motion to dismiss the appeal, based on the ground that defendant took his appeal without first moving to set aside the judgment by default. The court sustained defendant's motion to dismiss the cause, and plaintiff appeals to this court.

The facts in regard to the judgment before the justice of the peace, as we gather them from the record, are, that on the day the cause was set for hearing, both parties appeared; the plaintiff's attorney was present, but defendant's was not, and on account thereof, he asked for a continuance, which the justice refused. He thereupon filed his application for a change of venue on account of the prejudice of the justice. This was also refused. Whereupon the defendant declared his intention of withdrawing from the court. The witnesses for plaintiff were then called and examined, and "the defendant being called comes not," says the record, and judgment was rendered for plaintiff. It thus appears that before the cause was submitted to the justice for trial, the defendant abandoned and left the court. He made no defence to plaintiff's action, but suffered it to go by default, and before he had any right to appeal, he should have moved to set it aside. In judgments by default, it is necessary to first file a motion to set them aside in order to give the appellate court jurisdiction Not having done so here, the circuit court had no jurisdiction of the case, and should have sustained plaintiff' motion. This is not like an appearance, which has the effect of waiving defects in service of summons, etc. An appearance in a cause may take place a great number of times before it is finally submitted for trial, and yet the party may abandon it and suffer it to go by default.

The judgment is reversed and the cause remanded with directions that the appeal be dismissed. All concur.